IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH VINTON DONALDSON,

                Petitioner,

v.                                           CASE NO. 24-3108-JWL

STATE OF KANSAS[1],

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Joseph Vinton Donaldson (Doc. 1.) The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concludes that Petitioner must file an amended petition that more clearly identifies his asserted grounds for relief. Petitioner will be granted time in which to file his amended petition.

**Background**

In 2012, a jury in Sedgwick County, Kansas, convicted Petitioner of aggravated, kidnapping, aggravated battery, and criminal threat based on "an incident of domestic violence between [Petitioner] and his wife." *State v. Donaldson*, 2014 WL 4080074, *1-3 (Kan. Ct. App. Aug. 15, 2014) (unpublished) (*Donaldson I*), *rev. granted in part* Oct. 28, 2016. In March 2013,

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Don Langford, the current Warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

the state district court sentenced Petitioner to 592 months in prison and ordered that he be subject to lifetime violent-offender registration requirements. *Id.* at *3. Petitioner appealed his convictions and sentence and, in 2014, the Kansas Court of Appeals (KCOA) affirmed. *Id.* at *1. The Kansas Supreme Court (KSC) granted Petitioner's petition for review solely to address his argument that that he should not be subject to lifetime registration. *State v. Donaldson*, 306 Kan. 998, 999 (2017) (*Donaldson II*). In an opinion filed August 11, 2017, a majority of the KSC affirmed the KCOA's rejection of Petitioner's challenge to lifetime registration. *Id.* at 999-1000.

In 2016, while his petition for review in the direct appeal was pending, Petitioner filed a motion in Sedgwick County District Court seeking habeas corpus relief under K.S.A. 60-1507. *Donaldson v. State*, 2023 WL 8520162, *1 (Kan. Ct. App. Dec. 8, 2023) (unpublished) (*Donaldson III*). His motion included "27 allegations of ineffective assistance of counsel, three claims of prosecutorial error, five claims alleging error by the district court at trial, and three challenges to jury instructions." *Id*. The state district court appointed counsel for Petitioner and held a preliminary hearing in July 2019 at which the parties agreed that four of the ineffective assistance of counsel claims required an evidentiary hearing. *Id.*

Approximately 2 months later, Petitioner filed a second 60-1507 motion arguing insufficient evidence supported the aggravated kidnapping conviction, defects existed in the portion of the information that charged aggravated kidnapping, and the state court lacked jurisdiction over the aggravated kidnapping charge. *Id.* In April 2021, after the KSC had issued its opinion in the direct appeal, the state district court held the evidentiary hearing on the four ineffective assistance claims from Petitioner's first 60-1507 motion. *Id.* Thereafter, the court weighed the evidence on those four claims and found that Petitioner had not shown he was entitled to relief. *Id.* at *2. Its later written order also summarily denied the 34 claims remaining from the

first 60-1507 motion and dismissed the second 60-1507 motion—and a separate claim Petitioner raised for the first time on the morning of the evidentiary hearing—as untimely. *Id.* Petitioner appealed, and in an opinion filed December 8, 2023, the KCOA affirmed. *Id.* at *5. According to the clerk of the Kansas appellate courts, Petitioner did not file a petition for review of this opinion.

On June 28, 2024, Petitioner timely filed his petition for federal habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1.) He paid the required filing fee on July 31, 2024.

**Rule 4 Review Standards**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Analysis**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

3

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

To assist petitioners in meeting the requirements of Rule 2(c), form petitions are available and required for use. Rule 2(d) requires that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Similarly, Local Rule 9.1(a) requires that a prisoner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 "must be on forms approved by the court." See D. Kan. Rule 9.1(a). Requiring the use of the form "aids the court by requiring petitioners to set forth each individual claim, the supporting facts, and the facts relating to exhaustion" and the failure to use the form as instructed "prevents this court from readily determining the basis of [a petitioner's] claims and whether they have been properly exhausted." *See Justice v. Meyer*, 2020 WL 7481673, *2 (D. Kan. Oct. 15, 2020) (unpublished) (citing *Smith v. Sedgwick Cty. Dist. Court*, 244 Fed. Appx. 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted.")).

In this matter, Petitioner used parts of the required, court-approved form, but he inserted

4

84 additional pages throughout.[2] (Doc. 1.) But his petition fails to comply with Rule (c), leaving this Court unable to determine the precise claims he wishes to assert in this matter. First, it appears that not all of the pages of the required court-approved form have been submitted. *See id.* at 1-4, 23, 84, 90-93. Specifically, the petition submitted does not include the signature page of the form petition, which is required not only by the court-approved form but also by Rule 2(c), as quoted above. On the other hand, some pages from the form petition are included twice but appear to provide different information about the same proceedings. *See id.* at 1-4, 23, 84, 90-93.

Even setting aside these deficiencies and liberally construing the petition, the Court is unable to discern the claims Petitioner intends to assert in this federal habeas matter. On page 5 of the petition, which Petitioner has titled "Direct Appeal Page 5.1 (a) Grounds and Facts that Support the Grounds," Petitioner asserts in Ground One that the state district court violated his due process rights under the United States Constitution by denying his pretrial motion for new counsel. *Id.* at 5. Then, on page 24, Petitioner includes the court-approved form petition's page for stating Ground One. *Id.* at 24. Petitioner has written into the margin "First K.S.A. 60-1507" and identifies Ground One as asserting that he received ineffective assistance of counsel based on 27 instances. *Id.* This leaves unclear which argument Petitioner intends as Ground One in this matter.

In short, Petitioner fails to state grounds for relief and fails to comply with the specificity requirements of Habeas Rule 2(c). The Court cannot determine from the petition now before it whether "petitioner is not entitled to relief in the district court," so it is unable to conduct a meaningful Rule 4 review.

---

[2] Specifically, the submission from Petitioner consists of four pages of the required, court-approved form petition, followed by 19 handwritten pages, followed by another page of the required form petition, followed by 42 typewritten pages, followed by 17 "exhibits," followed by another page of the required form petition, followed by 5 typewritten pages, followed by the first 4 pages of the required form petition, followed by a final typewritten page. (Doc. 1.)

**Amended Petition Required**

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form. The Court will therefore grant Petitioner to and including September 16, 2024 in which to file his amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms and instructions.

If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (24-3108) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition.

Petitioner is advised to carefully read and follow the instructions for completing his petition. (*See* Doc. 1, p. 90.) To the extent that Petitioner wishes to "submit a brief or arguments, [he] must submit them in a separate memorandum." *Id.* Petitioner also must comply with the instructions and directions included in the text of the form petition. He may attach additional pages, since it appears he wishes to assert more than four grounds for relief, but any attached pages must be clearly labeled as Ground Five, Ground Six, etc. and must include the required information for each ground asserted. If Petitioner fails to submit an amended petition on the required, court-approved form, on or before September 16, 2024, this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Don Langford, Warden of Ellsworth Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **September 16, 2024** in which to file an amended petition on the court-approved form that complies with this order. The clerk is directed to provide to Petitioner the forms and instructions.

**IT IS SO ORDERED.**

DATED:   This 14th day of August, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge