**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSEPH VINTON DONALDSON,**

**Petitioner,**

**v.**                                                              **CASE NO. 24-3108-JWL**

**DON LANGFORD,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Joseph Vinton Donaldson (Doc. 1.) As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducted an initial review of the petition and concluded that it failed to clearly identify the asserted grounds for relief. Thus, on August 14, 2024, the Court issued a memorandum and order (M&O) explaining that Rule 2(c) requires habeas petitioners to plead his or her grounds with particularity so that the respondent will be able to address them if the Court orders an answer to the petition. (Doc. 3, p. 3-4.) The M&O explained that the petition filed in this matter left the Court unable to discern Petitioner's claims and also that pages of the required, court-approved form were missing. *Id.* at 4-5. The Court granted Petitioner time in which to file an amended petition on the required form that complies with Rule 2(c). *Id.* at 6-7. Petitioner has now filed his amended complaint. (Doc. 6.)

The amended petition is complete in the sense that Petitioner has submitted all of the pages of the required form. (Doc. 6.) Petitioner has not, however, provided the information required on those pages in the manner required by the form and as explained in the M&O. The M&O expressly cautioned Petitioner:

1

> If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court.

(Doc. 3, p. 6.)

The amended petition, in large part, merely refers the reader to the initially filed petition for the necessary information. For example, in the portions of the form for identifying the grounds raised in state court during the direct appeal, Petitioner has written "please check page 3 of 2254 already filed in your court, it has all of the information that you need in it" and "Please see the 2254 already filed in this case." (Doc. 6, p. 2.) He makes similar references in the portions of the form for (1) identifying state court proceedings—other than the direct appeal—related to the convictions he wishes to challenge, (2) addressing exhaustion of his claims, (3) identifying the attorneys who represented him, and (4) addressing timeliness. *Id.* at 3, 11-13. Moreover, in the portion of the form for identifying Ground One and the facts that support it, Petitioner has written "Please see page 6 of 2254 already filed in your court." *Id.* at 5. He does the same for Grounds Two, Three, and Four. *Id.* at 6, 8-9.

The amended petition now before the Court fails to comply with the M&O's instruction not to simply refer to the initial petition. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders").

In addition, by merely referring the reader back to the initial petition, the amended petition does not cure the previously identified failure to comply with Rule 2(c). For example, Ground

Three of the amended petition says only: "Please see page 9 of 2254 already filed in your court." (Doc. 6, p. 8.) But page 9 of the initial petition is titled "Ground Two." (Doc. 1, p. 9.) This type of confusion is what led to the initial petition not meeting the requirements of Rule 2(c). (*See* Doc. 3, p. 5 (explaining the that the initial petition left unclear which arguments were related to which Ground for relief).) Accordingly, the amended petition fails to comply with Rule 2(c) and, like the initial petition, it leaves the Court "unable to conduct a meaningful Rule 4 review." (*See* Doc. 3, p. 5.)

Although this Court has discretion to allow Petitioner the opportunity to file a second amended petition, it declines to do so in this matter since the amended petition does not cure the deficiencies already identified for Petitioner. *See Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally . . . justified upon a showing of . . . failure to cure deficiencies by amendments previously allowed . . . ."); *Strader v. Schnurr*, 2022 WL 16833790, *4 (D. Kan. Nov. 9, 2022) (unpublished) (dismissing habeas petition without prejudice in part because "the currently operative amended petition does not cure the fatal deficiency the Court identified as existing in the initial petition"). Rather, this matter will be dismissed without prejudice.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

3

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 30th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge