# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH VINTON DONALDSON,**

**Petitioner,**

**v.**                                                           **CASE NO. 24-3108-JWL**

**DON LANGFORD,**

**Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Joseph Vinton Donaldson, who is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. Petitioner filed the operative second amended petition on December 9, 2024. (Doc. 13.) After an initial review, the Court directed Respondent Don Langford to file a Pre-Answer Response ("PAR") limited to addressing the affirmative defenses of exhaustion of state court remedies and procedural default of each of the grounds asserted in the second amended petition. (Doc. 14.) Respondent timely filed the PAR on March 3, 2025. (Doc. 17.) Petitioner had until and including April 14, 2025 to file a reply to the PAR, but as of the date of this order, he has not done so. (*See* Doc. 16.) This matter comes now before the Court for the review of the second amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court concludes that the second amended petition is subject to dismissal. The Court will grant Petitioner time to show cause this matter should not be dismissed.

## Background

In 2012, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated kidnapping,

aggravated battery, and criminal threat. *See State v. Donaldson*, 2014 WL 4080074, *1-3 (Kan. Ct. App. Aug. 15, 2014) (unpublished) (*Donaldson I*), *aff'd* 306 Kan. 998 (2017). The state district court sentenced Petitioner to 592 months in prison and lifetime registration. *Id.* at *3. Petitioner pursued a direct appeal, but in an opinion issued on August 15, 2014, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and sentence. *Id.* at *13.

Petitioner then filed a petition for review by the Kansas Supreme Court (KSC). In October 2016, the KSC granted the petition "solely to address" Petitioner's claim that the lifetime offender registration requirement violated the Ex Post Facto Clause of the United States Constitution. *See State v. Donaldson*, 306 Kan. 998, 998-99 (2017) (*Donaldson II*[1]). The following month, before the KSC ruled on the Ex Post Facto issue, Petitioner filed in state district court a motion for state habeas relief under K.S.A. 60-1507. *See Donaldson v. State*, 2023 WL 8520162, *1 (Kan. Ct. App. Dec. 8, 2023) (unpublished) (*Donaldson III*). The state district court appointed counsel to represent Petitioner in the K.S.A. 60-1507 proceeding. *Id.*

On August 11, 2017, a majority of the KSC affirmed the KCOA's rejection of Petitioner's direct-appeal arguments regarding the Ex Post Facto Clause. *Donaldson II*, 306 Kan. at 999-1000. Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on June 25, 2018. *See Donaldson v. Kansas*, 585 U.S. 1019 (2018). This concluded Petitioner's direct appeal of his convictions and sentence.

In July 2019, the state district court held a preliminary hearing in the K.S.A. 60-1507 action at which the parties agreed that only four of the 38 claims Petitioner raised in his motion required an evidentiary hearing. *Donaldson III*, 2023 WL 8520162, *1. In September 2019, however,

---

[1] Petitioner pursued other litigation in state court while his direct appeal was pending, but those opinions are not relevant to this general summary of the procedural history that led to the current federal habeas matter. *See State v. Donaldson*, 2015 WL 1782344 (Kn. Ct. App. April 10, 2015) (unpublished).

Petitioner filed a second K.S.A. 60-1507 motion, raising additional issues, which will be discussed in more detail later in this order. *Id.* In April 2021, the district court held an evidentiary hearing on the four agreed-upon claims from the first K.S.A. 60-1507 motion. *Id.* At the evidentiary hearing, Petitioner sought to raise yet another claim; he was allowed to present evidence on this claim, but the State argued that it was untimely raised. *Id.* The district court ultimately denied relief on the grounds raised in the first K.S.A. 60-1507 motion and it also dismissed the second K.S.A. 60-1507 motion—and the issue raised at the evidentiary hearing—as untimely. *Id.* at *2. Petitioner appealed and, on December 8, 2023, the KCOA affirmed. *Id.* at *5.

Petitioner began this federal habeas action on June 28, 2024, when he filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He filed the operative second amended petition on December 9, 2024. (Doc. 13.) Therein, he asserts four grounds for relief and he asks this Court to vacate his conviction for aggravated kidnapping. *Id.* at 5-12, 14-15, 20. As noted above, at the Court's direction, Respondent filed a PAR regarding exhaustion and procedural default to which Petitioner has not replied.

### Rule 4 Standard for Initial Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the second amended petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were

never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in his federal habeas petition to the KCOA and/or the KSC, which must have denied relief on the merits. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020) (unpublished).

The United States Supreme Court has held that before a state prisoner may pursue federal habeas relief on the grounds that his or her federal constitutional rights have been violated, "the federal claim must be fairly presented to the state courts." *See Picard*, 404 U.S. at 275. This requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Id.* (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights guaranteed to state prisoners who are sentenced for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76.

In order to give the state appellate courts a "fair opportunity" to resolve federal constitutional claims, Petitioner must have presented to the state court the same claim on which he now seeks federal habeas relief. The Tenth Circuit recently reaffirmed this principle, stating:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ."

Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

If a federal habeas petition under § 2254 contains claims that have not been presented to the state courts and avenues remain by which the petitioner could do so, federal courts generally dismiss the § 2254 matter without prejudice so that the petitioner can return to state court and pursue the available remedies. *See Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). When a claim in a § 2254 petition has not been presented to the state courts and there are no avenues remaining by which the petitioner could do so, the claim is referred to as being barred by anticipatory procedural default and the federal habeas court cannot consider the merits of the claim *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). There are exceptions to this general rule, which will be discussed later in this order.

Not only must a state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 ensure that all grounds in the federal petition were previously argued to the state appellate court or courts, the prisoner must have presented the arguments to the state courts in compliance with adequate and independent state procedural rules. "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In other words, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered,"

a federal habeas court will not consider the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Court refers to this type of claim as being "procedurally defaulted." There are exceptions to the general rule against considering procedurally defaulted claims, which are discussed later in this order.

## Discussion

**Ground One**

As Ground One, Petitioner asserts that he received ineffective assistance of trial and appellate counsel in violation of his Sixth Amendment rights. (Doc. 13, p. 5-6.) Specifically, Petitioner argues that his counsel were ineffective by failing to argue that under *State v. Buggs*, 219 Kan. 203, 216 (1976), any confinement of the victim during the events that led to Petitioner being criminally charged was incidental to the aggravated battery and thus could not also support a conviction of aggravated kidnapping. (Doc. 13, p. 5-10.) Ground One also briefly refers to Petitioner's due process rights, perhaps in an attempt to make the argument that there was insufficient evidence to support his aggravated kidnapping conviction. *Id.*

In the PAR, Respondent argues that the Court should not liberally construe Ground One of the second amended petition to raise a claim that Petitioner's Fifth Amendment due process rights were violated by Petitioner being convicted upon insufficient evidence. (Doc. 17, p. 6-7.) Although Petitioner focused on the ineffective assistance of counsel argument in Ground One, the Court will liberally construe Ground One to assert both a Sixth Amendment claim of ineffective assistance of counsel and a Fifth Amendment claim of due process violation.

In the second amended petition, Petitioner asserts that he raised the arguments in Ground One in his K.S.A. 60-1507 proceedings and in the subsequent appeal. (Doc. 13, p. 5, 11.) In the PAR, Respondent argues that Petitioner did not argue to the state appellate courts either (1) that

his trial counsel was ineffective for failing to argue insufficient evidence to support the aggravated kidnapping conviction or, more directly, (2) that there was insufficient evidence to support his aggravating kidnapping. (Doc. 17, p. 7-8.) As noted above, Petitioner did not reply to the arguments made in the PAR.

After a careful review of the information now before the Court, including the appellate briefs filed in Petitioner's related appeals, the Court agrees with Respondent. The brief submitted by Petitioner in the appeal from the denial of his K.S.A. 60-1507 motions does not contain the arguments now made in Ground One of this federal habeas petition. (*See* Doc. 18-6, p. 1-26.) The brief does reflect that Petitioner argued to the *state district court* in his second K.S.A. 60-1507 motion that "[t]he conviction for kidnapping could not be sustained because there was no evidence of Donaldson holding the victim." (Doc. 18-6, p. 7.) The only argument in the appellate brief related to the second K.S.A. 60-1507 motion, however, was the unsuccessful claim that the district court improperly dismissed the second K.S.A. 60-1507 motion as untimely.

The KCOA affirmed the dismissal, meaning that even if this Court were to take the sole mention of the insufficient evidence in the brief as an attempt to raise to the KCOA the arguments now in Ground One, Petitioner raised them only in a motion that ran afoul of adequate and independent state procedural rules regarding the time for filing a K.S.A. 60-1507 motion. *See Lowe v. Allbaugh*, 689 Fed. Appx. 882, 885 (10th Cir. 2017) (unpublished) (holding that time limitation in K.S.A. 60-1507 is an independent and adequate state procedural rule); *Francis v. Cheeks*, 2022 WL 3018069, *12 (K. Dan. July 29, 2022) (unpublished) (citing *Lowe* for the same). Therefore, no matter how the Court considers Ground One, either it was not raised to the KCOA or it was raised only in a manner that leaves it procedurally defaulted. *See Banks*, 692 F.3d at 1144.

As Respondent points out in the PAR, no avenues remain in state court by which Petitioner

could return to raise and exhaust Ground One. (Doc. 17, p. 8-9.) Any future K.S.A. 60-1507 motion

would be subject to the same time limit that Petitioner's second K.S.A. 60-1507 motion failed to

meet. *See* K.S.A. 60-1507(f). This, the arguments in Ground One are either procedurally defaulted

or barred by anticipatory procedural default. Either way, the general rule is that this Court should

not consider their merits. The exceptions to the rule against federal habeas courts considering

procedurally defaulted claims and claims that are barred by anticipatory procedural default are

discussed later in this order.

**Ground Two**

Ground Two of the operative second amended petition asserts a due process violation based

on the state district court's finding that Petitioner's second K.S.A. 60-1507 motion was untimely

and the KCOA's subsequent opinion affirming that finding. (Doc. 13, p. 11-12.) Respondent

contends in the PAR that although Petitioner argued to the KCOA that the district court erred in

dismissing the second K.S.A. 60-1507 motion as untimely, he did not argue that the dismissal

violated his constitutional due process rights. (Doc. 17, p. 9.)

As noted above, although Petitioner did not need to use particular, talismanic language to

indicate to the KCOA that he was alleging the violation of a federal constitutional right, he must

have "put the [state] courts on notice of the federal constitutional claim." *See Honie*, 58 F.4th at

1184 (internal quotation marks and citations omitted). There is no indication in the information

now before this Court that he did so. Because Petitioner did not argue to the state appellate court

that his federal Constitutional right to due process was violated by the finding that his second

K.S.A. 60-1507 motion was untimely, he did not exhaust that claim. As with Ground One,

however, there does not appear to be any way by which Petitioner could now return to state court

and do so. Thus, Ground Two is barred by anticipatory procedural default.

**Grounds Three and Four**

Because Grounds Three and Four are similar, the Court will address them together. In Ground Three, Petitioner asserts that the State violated his constitutional due process rights by "us[ing] the elements of aggravated kidnapping as an illegal/wrongful means to enhance the charge of aggravated battery by fraudulently using the elements of holding/confinement which were not existent of the aggravated battery charge. [*sic*]" (Doc. 13, p. 14.) Ground Four asserts that Petitioner's federal constitutional due process rights were violated when the trial judge "abused his discretion by allowing the prosecutor to fraudulently use the elements of aggravated kidnapping as an illegal/wrongful means to enhance the charge of aggravated battery by illegally using holding and confinement to gain a wrongful conviction. [*sic*]" *Id.* at 15. Petitioner alleges that he raised— and "reworded"—both of these arguments in his second K.S.A. 60-1507 motion and in the subsequent appeal. *Id.* at 14-16. Respondent contends in the PAR that Petitioner did not make either argument to the KCOA. (Doc. 17, p. 11-13.)

Simply put, there is no indication that Petitioner argued to the KCOA that his federal constitutional due process rights were violated by his being charged with aggravated kidnapping or by the trial judge allowing the charge to stand. Thus, Grounds Three and Four are not exhausted. And because there no longer appears to be a way for Petitioner to return to state court and exhaust the arguments in Grounds Three and Four, they are barred by anticipatory procedural default.

**Exceptions to the General Rule Barring Consideration of Defaulted Claims**

As explained above, all four of the grounds for relief asserted in this matter are either procedurally defaulted or barred by anticipatory procedural default. Thus, the Court may only consider the merits of these claims if Petitioner (1) establishes cause for the default and prejudice from the alleged federal constitutional violations or (2) shows that the failure to consider the claims

will result in a fundamental miscarriage of justice. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Fontenot*, 4 F.4th at 1028 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

**Cause and Prejudice**

To demonstrate cause for the default, Petitioner must show that some objective factor external to the defense impeded his ability to raise the claims to the state courts in the manner required by the state rule on timeliness. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

The United States Supreme Court has explained that in order for ineffective assistance of counsel to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for a petitioner to use the ineffective assistance of counsel as cause to excuse his procedural default, he or she must have argued *that* ineffective assistance of counsel claim to the state courts. Moreover, in addition to showing cause for default, Petitioner must show "actual prejudice as a result of the alleged violation of federal law" in order to obtain the cause-and-prejudice exception to the rule barring this Court from considering his claims. *See Coleman*, 501 U.S. at 750.

**Fundamental Miscarriage of Justice**

Procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). Petitioner is not required to conclusively exonerate himself to obtain the benefit of the actual innocence exception. *See Fontenot*, 4 F.4th at 1030. Rather, to qualify for the exception, Petitioner must identify to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)); *see also Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (defining "new evidence" in this context as "evidence that was not considered by the fact-finder in the original proceedings"). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor*, 7 F.4th at 927.

The actual innocence standard is demanding and is not easy to meet. Only an extraordinary case—in which there is "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error"—will justify application of the actual innocence exception. *Fontenot*, 4 F.4th at 1031 (citations and internal quotation marks omitted). "This exception 'is intended for those rare situations where the State has convicted the wrong person of the crime or where it is evident that the law has made a mistake.'" *Taylor*, 7 F.4th at 926-27 (citations omitted). It exists "to ensure that [a] petitioner's case is truly extraordinary while still providing [a] petitioner a meaningful

avenue by which to avoid a manifest injustice." *Fontenot*, 4 F.4th at 1031 (citations and internal quotation marks omitted); *see also Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007).

## Conclusion

In summary, for the reasons explained above, the Court concludes that all of the grounds for relief asserted in this federal habeas matter are either procedurally defaulted or barred by anticipatory procedural default. Therefore, this Court must decline to consider their merits unless Petitioner shows (1) cause for the default and prejudice from the federal constitutional violations or (2) that declining to consider his claims on their merits will result in a fundamental miscarriage of justice. Petitioner will be granted to and including May 27, 2025 in which to show good cause, in writing, why Grounds One, Two, Three, and Four of this matter should be considered on their merits. If Petitioner fails to file a timely response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **May 27, 2025**, in which to show good cause, in writing, why this matter should not be dismissed for the reasons set forth herein.

**IT IS SO ORDERED.**

DATED:   This 23rd day of April, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge